**UNITED STATES of America, Plaintiff,**

v.

**LOCAL 1804–1, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, et al., Defendant.**

No. 90 Civ. 0963 (LBS).

United States District Court, S.D. New York.

Aug. 19, 1993.

Mary Jo White, U.S. Atty., S.D. New York, by Claude M. Millman, Asst. U.S. Atty., New York City, for plaintiff.

Lambos & Giardino by C. Peter Lambos, New York City, for defendant New York Shipping Ass'n, Inc.

Gerald P. Lally, Gen. Counsel, New York City, for Waterfront Com'n of New York Harbor.

## ORDER

SAND, District Judge.

Having considered the arguments in favor and against approval by the Court of the proposed Consent Decree between the United States of America and the New York Shipping Association, Inc. in this civil action pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.*, it is the opinion of this Court that the proposed Consent Decree meets the standard for approval of consent decrees annunciated by the Supreme Court in *Local 93, International Association of Firefighters v. City of Cleveland,* 478 U.S. 501, 106 S.Ct. 3063, 92 L.Ed.2d 405 (1986). Accordingly, this Court hereby approves of the proposed Consent Decree and orders that the Consent Decree be entered forthwith.

The Consent Decree is attached as an appendix to this Order.

SO ORDERED.

## APPENDIX

### CONSENT JUDGMENT CONCERNING NEW YORK SHIPPING ASSOCIATION, INC.

WHEREAS, plaintiff United States of America (the "United States" or "Government") commenced this action on February 14, 1990, by filing a complaint seeking equitable relief against, *inter alia,* six local unions affiliated with the International Longshoremen's Association, AFL–CIO (hereinafter the "ILA"), pursuant to the civil remedies provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ("RICO"); and

WHEREAS, on or about September 26, 1991, the Government served and filed an amended complaint (which amended complaint together with the February 14, 1990, complaint are hereinafter referred to as the "complaint"); and

WHEREAS, on September 5, 1991 and September 2, 1992, the Court entered default judgments against defendants Anthony Salerno, John Gotti, Anthony Anastasio, James Coonan, Kevin Kelly, James McElroy, Michael Coppola, Tino Fiumara, and Douglas Rago, who the Government alleged are members of organized crime; and

WHEREAS, on January 14, 1993, the Court entered its findings of fact and conclusions of law with respect to the liability phase of this action, in which the Court found that the Port of New York and New Jersey (the "Waterfront") is a RICO enterprise and that defendants Venero Mangano, Anthony Gallagher, Donald Carson, and George Lachnicht violated the RICO statute; and

WHEREAS, the Court also found that defendant Venero Mangano is a member of organized crime and that defendants Anthony Gallagher, Donald Carson, and George Lachnicht are associates of organized crime; and

WHEREAS, for purposes of this Consent Judgment, the term "NYSA" shall mean the New York Shipping Association, Inc., the term "NYSA Employers" shall mean the NYSA and those of its members who agree to be bound by this Consent Judgment in accordance with the provisions of paragraphs 18 and 19 of this Consent Judgment, and the term "NYSA Funds" shall mean any multi-employer fringe benefit plan or administrative body existing pursuant to a collective bargaining agreement entered into by the NYSA; and

WHEREAS, the complaint does not allege that the NYSA Employers have violated the RICO statute or that the NYSA Employers have engaged in any predicate acts of racketeering within the meaning of the RICO statute and names NYSA as a nominal defendant in this action solely for purposes of effecting complete relief; and

WHEREAS, the purposes of the NYSA are to function as an association of contracting stevedores, owners and/or operators of ocean-going vessels in the transportation of passengers and freight for hire, for the purpose of promoting the labor relations of the shipping industry in the Waterfront and to promote the mutual welfare of its members in connection with labor matters with their Waterfront employees; and

WHEREAS, one of the Government's purposes in this civil RICO action and of this Consent Judgment is to remove from any employment on the Waterfront any individual defendant found to have engaged in a RICO violation in this case, any individual who has knowingly associated with a member of any organized crime group and has committed a felony, and any individual who is a member of any organized crime group, and to assure that no such individuals are ever employed on the Waterfront; and

WHEREAS, the NYSA Employers agree that, except as provided herein, as a result of the NYSA's status as a nominal party defendant, they will assert no position with respect to any finding of liability or entry of injunctive relief with respect to any of the other defendants in this action or any individual who is found pursuant to this Consent Judgment to have knowingly associated, as defined herein, with a member, as that term is used in the complaint, of any organized crime group, as that term is used in the complaint, and has committed a felony or any individual who is found pursuant to this Consent Judgment to be a member, as that term is used in the complaint, of any organized crime group, as that term is used in the complaint; and

WHEREAS, the Government continues to seek all of the relief requested in the complaint against the remaining parties; and

WHEREAS, the Government agrees to discontinue further litigation of this action against the NYSA Employers and the NYSA Funds, in exchange for the NYSA Employers' agreement to the terms and conditions set forth in this Consent Judgment; and

WHEREAS, this Consent Judgment shall be in full settlement of all claims against the NYSA as a nominal party to this action and the other NYSA Employers as putative defendant class members in this action and the Government shall seek no further relief against the NYSA Employers or the NYSA Funds, except to the extent that the NYSA Employers or the NYSA Funds may be affected by the implementation of this Consent Judgment; and

WHEREAS, the NYSA enters into this Consent Judgment on behalf of itself and as the representative of those of its members who agree to be bound by this Consent Judgment in accordance with the provisions of paragraphs 18 and 19 of this Consent Judgment;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. *Incorporation of Recitals.* The foregoing recitals are incorporated by reference as though fully set forth in this paragraph and as so incorporated are agreed to by the Government and the NYSA Employers.

2. *Jurisdiction.* For the purposes of this Consent Judgment, the NYSA Employers consent to this Court's exercise of subject matter jurisdiction over this action and personal jurisdiction over them.

3. *Appointment of the Waterfront Commission.* The Waterfront Commission of New York Harbor (the "Waterfront Commission") is hereby appointed to make the final determinations referred to in paragraph 6 of this Consent Judgment, subject to this Court's review as provided in paragraphs 7 and 8 of this Consent Judgment. In connection with such duties, the Waterfront Commission shall enjoy whatever privileges and immunities from liability that may exist under the law for court officers.

4. *Designation of the Port Hearing Officer.* The Court shall designate an attorney to function as a hearing officer (the "Port

Hearing Officer") to make the initial determinations referred to in paragraph 6 of this Consent Judgment, subject to the Waterfront Commission's review as provided in that paragraph. The Government and the NYSA, in consultation with the Waterfront Commission, shall jointly propose to the Court at least two mutually acceptable persons for the position of Port Hearing Officer, and the designation of the Port Hearing Officer shall be from the individuals proposed or, in the event that the Court rejects both candidates, from other candidates jointly proposed in the same way. All parties shall act in good faith in determining whether to agree upon a proposed candidate for the position of Port Hearing Officer. Such proposal shall be made to the Court within two weeks after entry of this Consent Judgment, except that the Court may extend the time period for good cause shown. The Port Hearing Officer shall be the exclusive trier of fact for all proceedings under this Consent Judgment and shall not serve as a Waterfront Commission administrative law judge or hear matters for or the Waterfront Commission unrelated to this Consent Judgment. The Port Hearing Officer shall enjoy whatever privileges and immunities from personal liability that may exist under the law for court officers. The Court may grant an application of the Port Hearing Officer (with notice to the NYSA and the Government) to withdraw and to have a successor designated by the Court, in accordance with the selection procedures set forth in this paragraph, as the Port Hearing Officer.

5. *The Port Hearing Officer's Account.* The Port Hearing Officer may submit bills for services rendered pursuant to the Consent Judgment to the Court for approval. Copies of all such bills shall be provided to the NYSA, the Waterfront Commission, and the Government. The Court shall approve such bills if no party to the Consent Judgment objects within 20 days of their submission or if the Court finds that the bills are reasonable. The Port Hearing Officer shall not charge in excess of $150 per hour (excluding disbursements) for services rendered. The Court may grant an application

of the Port Hearing Officer (with notice to the NYSA and the Government) to increase the maximum hourly rate upon a showing that the fees charged by lawyers in the New York and New Jersey area have increased substantially since the date of entry of this Consent Judgment. The Waterfront Commission shall open a bank account (the "Account") and pay the bills of the Port Hearing Officer that are approved by the Court from funds in the Account. The Government may deposit into the Account any funds currently held by it or subsequently received by it pursuant to consent judgments entered previously in this case. In its sole discretion, the Government may deposit into the Account additional funds collected by it in this action. Within 30 days of the date that this Consent Judgment is entered by the Court, the NYSA Employers shall make an initial payment of $5,000 to the Account. In addition, the NYSA Employers shall be liable for the unpaid portion of any bill submitted by the Port Hearing Officer and approved by the Court, and shall deposit into the Account sufficient sums to satisfy such liability. Notwithstanding paragraph 12 and notwithstanding the sentence in this paragraph concerning increases in the Port Hearing Officer's maximum hourly rate, the Government and the NYSA Employers agree that such liability shall not exceed a total of $70,000, excluding the $5,000 initial payment. Any signatory to this Consent Judgment may make voluntary contributions to the Account. Funds in the Account entrusted by the depositing party shall be owned by that party until paid out pursuant to an approved bill. The Waterfront Commission shall submit semi-annual accountings of operations within the Account, showing all charges to the Account, all deposits to the Account, the source of all deposited funds, and the balance in the Account.

6. *Proceedings Before the Waterfront Commission.* Based upon an initial determination of the Port Hearing Officer, the Waterfront Commission shall determine whether an individual: (a) is a member, as that term is used in the complaint, of any organized crime group, as that term is used in the complaint; or (b) has knowingly associated with a member of any organized crime group,

as that term is used in the complaint, and has committed a felony (including, but not limited to, conspiracy to commit, attempt to commit, and aiding and abetting the commission of a felony) under the laws of the United States or the state in which such conduct occurred. The term "knowingly associated" shall have the same meaning as that ascribed to it in comparable proceedings, such as proceedings under the consent decree in *United States v. Int'l Brotherhood of Teamsters*, 88 Civ. 4486 (DNE) (S.D.N.Y.). The Government shall commence proceedings under this paragraph by sending a notice of its charge by certified mail, return receipt requested, to the last known address of the individual to be placed on the list described in paragraph 7 of this Consent Judgment (or by effecting service on the individual by another reasonable method), and by sending copies of the notice to any known employer of that individual, the Waterfront Commission, and the NYSA. Such charge shall state that a decision upholding the charge may (1) subject that individual to a prohibition from seeking, obtaining, or remaining in employment on the Waterfront; and (2) foreclose, under the RICO statute and All Writs Act, 28 U.S.C. § 1651, any claim that the individual may have to employment with or payment of money or benefits from an employer on the Waterfront. If the individual fails to file with the Waterfront Commission a denial of the charge within 20 days of being served, the Waterfront Commission shall issue an order adjudging the individual in default and upholding the charge. If the individual files a timely denial with the Waterfront Commission, the Waterfront Commission shall direct the Port Hearing Officer to schedule a hearing on the charge. At the hearing, the Government may present evidence in support of the charge, and the individual charged may present evidence in opposition to the charge. The Port Hearing Officer shall uphold the charge if it is supported by a preponderance of the evidence presented, and the Government shall have the burden of proving the charge. Proceedings (including, but not limited to, the presentation and admission of evidence) before the Port Hearing Officer shall be conducted in the same manner that proceedings before administrative law judges of the Waterfront Commission are conducted. All proceedings before the Port Hearing Officer will be tape recorded using appropriate equipment and tapes purchased and maintained by the Waterfront Commission with funds from the Account. The Government or the individual charged may appeal the findings of the Port Hearing Officer to the Waterfront Commission by filing and serving on the appellee a notice of appeal with the Waterfront Commission within 20 days of the Port Hearing Officer's decision and by purchasing and filing with the Waterfront Commission a transcript of the hearing. If no party files a timely appeal, the Waterfront Commission shall adopt the decision of the Port Hearing Officer. If a timely appeal is filed, the Waterfront Commission shall uphold the decision of the Port Hearing Officer if the decision is supported by substantial evidence, within the meaning of the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.* A decision of the Waterfront Commission upholding a charge against an individual shall subject that individual to a prohibition from seeking, obtaining, or remaining in employment on the Waterfront pursuant to paragraph 7 of this Consent Judgment. If no decision upholding or rejecting the charge is issued within 180 days of the date that the charge is served by the Government, the individual charged, the NYSA, or the Government may petition the Court for appropriate relief.

7. *Judicial Proceedings.* Upon entry of this Consent Judgment, the Government may apply to the Court for approval of a list of individuals prohibited from seeking, obtaining, or remaining in employment on the Waterfront. This list may include the individual defendants in this action who defaulted or were found by the Court to have violated the RICO statute (Anthony Salerno, John Gotti, Anthony Anastasio, James Coonan, Kevin Kelly, James McElroy, Michael Coppola, Tino Fiumara, Douglas Rago, Venero Mangano, Anthony Gallagher, Donald Carson, and George Lachnicht), and may be revised, from time to time, to add (a) any individual found by the Waterfront Commission to be a member, as that term is used in the complaint, of any organized crime group, as that

term is used in the complaint; and (b) any individual found by the Waterfront Commission to have knowingly associated with a member of any organized crime group, as that term is used in the complaint, and to have committed a felony (including, but not limited to, conspiracy to commit, attempt to commit, and aiding and abetting the commission of a felony) under the laws of the United States or the state in which such conduct occurred. The Government shall initiate judicial proceedings concerning a decision of the Waterfront Commission issued pursuant to paragraph 6 of this Consent Judgment by applying to the Court within 20 days of the date that the Government receives the decision of the Waterfront Commission. The Government shall serve the application on the NYSA, the Waterfront Commission, and the individual charged. If the Waterfront Commission has rejected the charge, and if the procedures available under paragraph 6 of this Consent Judgment have been exhausted, the Government may apply to the Court for reversal, vacatur, or other review of the Waterfront Commission's decision. The individual charged may respond by filing opposition papers with the Court (and serving the Government, the NYSA, and the Waterfront Commission) within 20 days of the date that the Government's application is served. If the Waterfront Commission has upheld the charge, the Government may apply to the Court to confirm the decision of the Waterfront Commission and add the individual's name to the list. If the procedures available under paragraph 6 of this Consent Judgment have been exhausted, the individual may file with the Court (and serve on the Government, the NYSA, and the Waterfront Commission) a notice of objection to the Government's application to confirm the decision of the Waterfront Commission and add the individual's name to the list. Such notice may include (1) an objection seeking reversal, vacatur, or other review of the Waterfront Commission's decision; and (2) an objection based upon any legal right, contractual, statutory, or otherwise, that the individual may claim to have with respect to his or her employment with any employer on the Waterfront. Objections that are not raised by the individual charged in a timely notice of objection shall be deemed waived. A decision by the Court to add an individual's name to the list shall bar the individual from interfering with the Court's order by seeking, obtaining, or remaining in employment with or seeking or obtaining any payment of money or benefits (other than benefits that may not be alienated under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*) from any employer on the Waterfront. The Government may submit the court-approved list, and any court-approved revision thereof, to the NYSA and any other employer on the Waterfront.

8. *Scope of Judicial Review.* In reviewing decisions of the Waterfront Commission, the Court shall be bound by the Port Hearing Officer's findings of fact that are supported by substantial evidence, within the meaning of the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.,* in the record before the Waterfront Commission. Within 20 days of the date that the Government initiates judicial proceedings concerning a Waterfront Commission decision, the individual charged may apply for a *de novo* hearing of any objection to the Government's application to add the individual's name to the list described in paragraph 7 of this Consent Judgment, *provided that* the factual determinations of the Port Hearing Officer shall not be reviewed *de novo.* In all judicial proceedings under this Consent Judgment, questions of law shall be reviewed *de novo.*

9. *Dissemination of the List.* NYSA shall provide to each of its members upon request and in any event shall mail to each of its members annually a current copy of the Court-approved list of individuals prohibited from seeking, obtaining, or remaining in employment on the Waterfront. In the event that the list is revised and approved by the Court, the NYSA shall mail a copy of the revised list to each of its members.

10. *Future Conduct.* The NYSA Employers shall not knowingly employ in any capacity any individual whose name appears on the list described in paragraph 7 for so long as the Court's injunction against the individual remains in effect. The NYSA, through its representatives or trustees on

the NYSA Funds, shall use its best efforts to ensure that the NYSA Funds do not employ or continue to employ any individual whose name appears on the list described in paragraph 7. The NYSA Employers agree that if they obtain knowledge that any individual is employed on the Waterfront in violation of this injunction, the NYSA Employers shall communicate such knowledge to the Government and the Waterfront Commission. To ensure compliance with this paragraph, and upon notice to the NYSA, the Government may request the Court to issue subpoenas duces tecum which reasonably request the NYSA Employers to produce books, records, or documents related to the employment of individuals identified on the list described in paragraph 7.

11. *Exclusive Jurisdiction.* This Court shall retain exclusive jurisdiction to enforce this Consent Judgment. Any order issued by the Court against any individual proscribing said individual from seeking, or remaining in employment on the Waterfront shall contain a provision prohibiting said individual from commencing an action to challenge the order in any Court or forum except this one.

12. *Applications.* Upon reasonable prior notice to the parties to this Consent Judgment, the Waterfront Commission, the Port Hearing Officer, the Government, the NYSA, or any person aggrieved by an action or omission of the Port Hearing Officer or the Waterfront Commission pursuant to this Consent Judgment, may make application to the Court for such assistance as may be necessary and appropriate to implement this Consent Judgment.

13. *Scope of Judgment.* Nothing in the preceding paragraphs shall be binding on the Court in terms of the relief, if any, that the Court may impose upon other parties to this case.

14. *Costs and Fees.* The consenting parties hereto each shall bear their respective costs and attorney's fees.

15. *Discontinuance of Claims.* This Consent Judgment is in full settlement and satisfaction of any and all civil claims that plaintiff United States of America might have or hereafter acquire against the NYSA Employers and the NYSA Funds on account of transactions, facts and events alleged in the complaint. All such claims are hereby discontinued with prejudice. In addition, the Government shall not invoke the procedures to be implemented pursuant to paragraph 6(b) of this Consent Judgment against the NYSA Employers or the NYSA Funds or the employees, officers, or directors of the NYSA Employers or the NYSA Funds, on account of any violations of 29 U.S.C. § 186, whether or not alleged in the complaint, that occurred prior to the execution of this Consent Judgment, and in which the amount of money or thing of value involved in a particular violation is less than $1,000.

16. *Non–Admission Clause.* Nothing herein shall be construed as an admission by the NYSA Employers of any wrongdoing, or of the truth or validity of any of the claims or allegations contained in the complaint or any other papers filed or submitted by the Government in this action.

17. *Future Actions.* Nothing herein shall preclude the United States of America or any of its departments or agencies from taking any appropriate action in regard to the NYSA, any of the NYSA's members, or the NYSA Funds in reliance on federal laws apart from the claims settled herein, including any action under the federal tax laws.

18. *Acknowledgment of Consultation with Counsel.* The NYSA, through its undersigned representative, has read the Consent Judgment and has consulted with counsel before consenting to and signing this Consent Judgment. Within 10 days of the date of entry of this Consent Judgment, the NYSA shall, by certified mail, return receipt requested, notify each of its members of the entry of this Consent Judgment and of the substance of this paragraph, and provide each of its members with a copy of this Consent Judgment. The names of the members of the NYSA are listed on Exhibit A attached hereto, which is incorporated by reference in this Consent Judgment. Any NYSA member that fails to advise the NYSA within 20 days of receipt of the notice that it desires to opt out of the Consent Judgment shall be deemed to have agreed to the terms

of this Consent Judgment and shall be considered an "NYSA Employer" within the meaning of this Consent Judgment. Within 45 days of the date of entry of this Consent Judgment, the NYSA shall file with the Court a declaration identifying which of its members, if any, have timely notified the NYSA of their desire to opt out of the Consent Judgment. This Consent Judgment shall be binding on the NYSA Employers and the Government unless: (a) more than ten members of the NYSA opt out of the Consent Judgment; or (b) NYSA members which employ, collectively, more than 10% of the ILA-represented employees employed by the NYSA and its members opt out of the Consent Judgment, in which event, the Consent Judgment shall be vacated by the Court and shall be null and void.

19. *New NYSA Members.* If any entity not identified on Exhibit A becomes a member of the NYSA, the new member shall be deemed an NYSA Employer within the meaning of this Consent Judgment. Within 10 days of the date that the entity becomes a member of the NYSA, the NYSA shall file with the Court and serve on the Government a declaration identifying the new member.

20. *Service.* As used in this Consent Judgment, the term "serve" shall mean service in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

Dated:    New York, New York
          July 21, 1993

CONSENTED TO:

MARY JO WHITE
United States Attorney for the Southern District of New York
Attorney for the Plaintiff

By: Claude M. Millman
CLAUDE M. MILLMAN
Assistant United States Attorney

LAMBOS & GIARDINO
Counsel for Defendant New York Shipping Association, Inc.

By: C. Peter Lambos
C. Peter Lambos

NEW YORK SHIPPING ASSOCIATION, INC.
By: James A. Capo
James A. Capo, President
WATERFRONT COMMISSION OF NEW YORK HARBOR
By: Gerald P. Lally
GERALD P. LALLY
General Counsel

EXHIBIT A

JUNE 9, 1993

*NEW YORK SHIPPING ASSOCIATION, INC.—MEMBERSHIP LIST*

*I. DIRECT EMPLOYER MEMBER AND CONTRACTING STEVEDORING MEMBERS*

076 Maher Terminals, Inc. Journal Square Plaza—4th Floor Jersey City, New Jersey 07306

490 American Stevedoring 744 Clinton Street Brooklyn, New York 11231

032 American Sugar Refining Co. of New York, Inc. 1114 Avenue of the Americas—25th Floor New York, New York 10036

039 Essex Cement Company Building 182 Calcutta Street Port Newark, New Jersey 07114

457 Global Terminal & Container Services, Inc. P.O. Box 273 Jersey City, New Jersey 07303

030 Hudson Valley Stevedores, Inc. One Federal Street Yonkers, New York 10702

228 International Terminal Operating Co. Inc. One Evertrust Plaza—10th Floor Jersey City, New Jersey 07302

454 J & J Port Services, Inc. 850 Center Drive Elizabeth, New Jersey 07201

197 Lumber Exchange Terminal, Inc. 171 West Street Brooklyn, New York 11222

467 Maersk Container Service Company, Inc. Giralda Farms Madison Avenue P.O. Box 880 Madison, New Jersey 07940

135 M.J. Rudolph Corporation 288 Edgewater Street Staten Island, New York 10305

067 M.P. Howlett, Inc. 216 North Ave. East Cranford, New Jersey 07016

016 Port Newark Refrigerated Warehouse Building 125 Tyler & Mohawk Streets Port Newark, New Jersey 07114

037 Portwide Cargo Securing Company, Inc. 99 Chapel Street Newark, New Jersey 07105

402 Prolerized Schiabo–Neu Company 1185 Avenue of the Americas—Suite 310 New York, New York 10036

103 Universal Maritime Service Corp. 10 Exchange Place—Suite 1600 Jersey City, New Jersey 07302

## II. CARRIER & AGENT MEMBERS

681 Argentine Lines (E.L.M.A.) Empresa Lineas Maritimas Argentinas One Evertrust Plaza—7th Floor Jersey City, New Jersey 07302

466 Atlantic Container Line AB Cragwood Plaza 50 Cragwood Road—2nd Floor South Plainfield, New Jersey 07080

615 Autoliners Incorporated 500 N. Broadway Jericho Atrium—Suite 243 Jericho, New York 11753

651 The Bank Line Limited c/o Gulf & Atlantic Maritime Services, Inc. 99 Wood Avenue South Iselin, New Jersey 08830

841 Black Sea Shipping Companies (USA) Inc. 1099 Wall Street West Lyndhurst, New Jersey 07071

077 Blue Star PACE Ltd. One World Trade Center, Suite 8101 New York, New York 10048

805 Bermuda Container Line, Ltd. c/o Bermuda Agencies Limited One Gateway Center—Suite 2408 Newark, New Jersey 07102

008 Chilean Line, Inc. Compania Sud–Americana de Vapores One World Trade Center—Suite 3147 New York, New York 10048

679 Columbus Line, Inc. Harborside Financial Center 300 Plaza Two—3rd Floor Jersey City, New Jersey 07302

820 Contship Containerlines, Inc. 208 Golden Oak Court—Suite 200 Virginia Beach, Virginia 23452

687 Croatia Line c/o Crossocean Shipping Company, Inc. 10 Exchange Place—Suite 800 Jersey City, New Jersey 07302

685 Crossocean Shipping Company, Inc. 10 Exchange Place—Suite 800 Jersey City, New Jersey 07302

952 COSCO North America, Inc. Harmon Tower #1 Harmon Plaza Secaucus, New Jersey 07094

009 Cunard Line, Ltd. 555 Fifth Avenue—5th Floor New York, New York 10017

321 Ecuadorian Line, Inc. 19 Rector Street New York, New York 10006

656 Eimskip, USA Iceland Steamship Company P.O. Box 3698 (109 E. Main St.—Suite 510) Norfolk, Virginia 23514

742 Evergreen America Corporation One Evertrust Plaza—15th Floor Jersey City, New Jersey 07302

715 Farrell Lines Incorporated One Whitehall Street—14th Floor New York, New York 10004

626 Frota Amazonica, S.A. c/o Omnium Agencies, Inc. One Exchange Plaza at 55 Broadway—27th Floor New York, New York 10006–3008

743 Grancolombiana (New York), Inc. One World Trade Center—Suite 1667 New York, New York 10048

882 Hapag–Lloyd AG c/o Hapag–Lloyd (America) Inc. One Edgewater Plaza Staten Island, New York 10305

760 Italian Line 300 Warren Street—11th Floor (One Evertrust Plaza) Jersey City, New Jersey 07302

883 Ivaran Lines -(A/S Ivarans Rederi) c/o Ivaran Agencies, Inc. New Port Financial Center 111 Pavonia Avenue Jersey City, New Jersey 04310

767 Kawasaki Kisen Kaisha, Ltd. c/o "K" Line America, Inc. 535 Mountain Avenue Murray Hill, New Jersey 07974

796 Leif Hoegh & Co. A/S c/o Hoegh Lines Agencies Inc. 95 Christopher Columbus Drive—12th Floor Jersey City, New Jersey 07302

783 Maersk Inc. Giralda Farms Madison Avenue P.O. Box 880 Madison, New Jersey 07940

784 Maersk Line, Ltd. Giralda Farms Madison Avenue P.O. Box 880 Madison, New Jersey 07940

780 Mitsui O.S.K. Lines, Ltd. Harborside Financial Center Plaza III—Suite 601 Jersey City, New Jersey 07311–3882

075 Navix Line, Ltd. c/o Navix Line (U.S.A.) Ltd. 500 Fifth Ave., Suite 2628 New York, New York 10110

795 Nedlloyd Lijnen B.V. P.O. Box 4016 (555 Rte. 1 South—4th Floor) Iselin, New Jersey 08830

801 Netumar Lines 125 Maiden Lane New York, New York 10038

803 Nippon Yusen Kaisha (N.Y.K. Line) 300 Lighting Way—5th Floor Secaucus, New Jersey 07094

810 Norton Lilly International Inc. 200 Plaza Drive Secaucus, New Jersey 07096

818 Orient Overseas Container Line c/o OOCL (USA) Inc., Agents Two World Trade Center—33rd Floor New York, New York 10048

858 P & O Containers One Meadowlands Plaza, 12th Floor East Rutherford, New Jersey 07073

832 Puerto Rico Marine Management, Inc. 212 Fernwood Avenue Edison, New Jersey 08818

840 Safmarine Inc. 99 Wood Avenue South Iselin, New Jersey 08830

479 Seaboard Shipping Company (1974) Inc. Seaboard Shipping Company Limited 500—171 West Esplanade Avenue North Vancouver, British Columbia Canada V7M 1A1

235 Sea–Land Service, Inc. General Office Building 1210 Corbin Street Elizabeth, New Jersey 07207

815 Shipping Corporation of India, Ltd., The c/o Norton Lilly International Inc., General Agents Harmon Meadow—200 Plaza Drive Secaucus, New Jersey 07096

684 Solar International Shipping Agency Inc. Two World Trade Center—Suite 2264 New York, New York 10048

731 Spanish Line c/o Tras-Atlantica Agencies (USA), Inc. 99 Hudson Street—6th Floor New York, New York 10013

864 Venezuelan Line (C.A. Venezolana—De Navegacion) 99 Hudson Street—6th Floor New York, New York 10013

790 Wallenius Lines North America, Inc. Wallenius Building 188 Broadway P.O. Box 1232 Woodcliff Lake, New Jersey 07675–1232

028 Waterman Steamship Corporation One Whitehall Street New York, New York 10004

620 Wilhelmsen · Lines (USA), Inc. 1400 The World Trade Center Baltimore, Maryland 21201

670 Yangming Marine Transport Corp. (Yang Ming Line) c/o Solar International Shipping Agency, Inc. Two World Trade Center—Suite 2280 New York, New York 10048

609 Zim–American Israeli Shipping Company, Inc. One World Trade Center—16th Floor New York, New York 10048

### III. CONTRACTING CHECKER & CLERK MEMBERS

### IV. CONTRACTING MAINTENANCE MEMBERS

059 Coastwide Marine & Ship Services, Inc. 33–41 Newark Street Hoboken, New Jersey 07030

074 Rigging International/RIMCO P.O. Box 210 (204 Harvard Avenue) Westville, New Jersey 08093

084 Shifa Services, Inc. 540 Hudson Street Hackensack, New Jersey 07601

463 Temco Service Industries One Park Avenue New York, New York 10016

### V. CONTRACTING MARINE CARPENTER MEMBERS

054 American Maritime Service of New York, Inc. 744 Clinton Street Brooklyn, New York 11231

096 American Securing Inc. P.O. Box 36 Brooklyn, New York 11231

468 Atlantic B.C. Inc. P.O. Box 43 Brooklyn, New York 11231

481 Interstate Maintenance Corp. 701 Spring Street Elizabeth, New Jersey 07201

### VI. CONTRACTING WATCHING AGENCY MEMBERS

414 Lansdell Protective Agency, Inc. 17 Battery Place New York, New York 10004

155 McRoberts Protective Agency, Inc. 17 Battery Place New York, New York 10004

350 36th Street Terminal Corporation 10 Exchange Place—Suite 1600 Jersey City, New Jersey 07302

### LIST OF MEMBERS EMPLOYING PORT POLICE & GUARDS

**AGENCIES:**

414 Lansdell Protective Agency, Inc. 17 Battery Place New York, New York 10004

155 McRoberts Protective Agency, Inc. 17 Battery Place New York, New York 10004

350 36th Street Terminal Corporation 10 Exchange Place—Suite 1600 Jersey City, New Jersey 07302

**CARRIER:**

235 Sea–Land Service, Inc. P.O. Box 1050 Elizabeth, New Jersey 07207

**DIRECT EMPLOYER:**

076 Maher Terminals, Inc. Journal Square Plaza—4th Floor Jersey City, New Jersey 07306